**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:12-cv-00124-MR
[Criminal Case No. 1:05-cr-00031-MR-2]**

| | |
|---|---|
| MARTINEOUS LEON HOPPER,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Respondent.  )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion to Reconsider the Court's Order dismissing Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. [Doc. 13].

On January 18, 2013, the Court entered an Order dismissing Petitioner's Motion as an unauthorized Section 2255 motion. [Doc. 11]. On February 19, 2013, the Clerk filed Petitioner's Motion to Reconsider the Court's Order, which Petitioner presents under Rule 59(e) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P 59(e) (providing for motion to alter or amend a judgment).

Before reaching the merits of Petitioner's motion, the Court first must determine whether the Petitioner has presented a proper motion for

reconsideration under Rule 59(e) or whether he has merely presented a "successive application in [59(e)'s] clothing." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (analyzing motion filed under Rule 60(b)) (quoting Lazo v. United States, 314 F.3d 571, 573 (11th Cir. 2002) (per curiam)). While noting that "[t]here may be no infallible test for making this distinction," the Winestock Court offered the following guidance to courts analyzing such motions:

> [A] relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Winestock, 340 F.3d at 207 (citations and footnote omitted).

In the present case, the Petitioner's motion to reconsider does not seek to remedy some defect in the collateral review process, but rather seeks to re-argue the grounds raised in his original § 2255 motion. Accordingly, the Court concludes that Petitioner's motion to reconsider is a

2

second, unauthorized § 2255 motion and it must be dismissed. See 28 U.S.C. § 2255(h).

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Respondent's Motion for Reconsideration [Doc. 13] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**   Signed: March 5, 2013

Martin Reidinger
United States District Judge