THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00124-MR
[Criminal Case No. 1:05-cr-00031-MR-2]

| | |
|---|---|
| MARTINEOUS LEON HOPPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's "Omnibus Motion" pursuant to Rules 60(b) and 15(c) and (d) of the Federal Rules of Civil Procedure [Doc. 22]; Petitioner's "Omnibus Motion" pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 23(b) of the Federal Rules of Appellate Procedure [Doc. 23]; and Petitioner's "Motion to Amend/Supplement" pursuant to Rule 15(d) of the Federal Rules of Civil Procedure [Doc. 24].

The Petitioner pleaded guilty to a charge of conspiracy to possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced as a career offender to a

term of 262 months' imprisonment. [Criminal Case No. 1:05-cr-00031-MR-2 ("CR"), Doc. 111: Judgment]. The Petitioner appealed, but his appeal was dismissed. [CR Doc. 149: Order]. The Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 on September 15, 2008. [CR Doc. 162]. The Court granted the Petitioner's motion and vacated his sentence on May 27, 2009. [CR Doc. 190]. The Petitioner was resentenced on July 23, 2009 to a term of 188 months. [CR Doc. 200]. The Fourth Circuit Court of Appeals affirmed his sentenced on March 1, 2011. [CR Doc. 208].

On June 1, 2012, the Petitioner filed a second motion to vacate. [Doc. 1]. On January 18, 2013, the Court entered an Order denying the Petitioner's motion as a successive petition. [Doc. 11]. The Petitioner sought reconsideration of that Order, which was denied. [Doc. 14]. The Petitioner appealed, but on July 29, 2013, the Fourth Circuit Court of Appeals dismissed the Petitioner's appeal and denied a certificate of appealability. [Doc. 18].

The Petitioner now moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to reopen this proceeding and vacate the Court's September 26, 2012 Order denying him § 2255 relief. [Doc. 22]. The Petitioner further seeks leave to amend his petition to assert new claims under the Fourth Circuit's decisions of United States v. Davis, 720 F.3d 215

(4th Cir. 2013), and United States v. Whiteside, 748 F.3d 541 (4th Cir.), reh'g en banc, 775 F.3d 180 (4th Cir. 2014). [Docs. 22, 24]. The Petitioner further seeks summary judgment in his favor and moves the Court to grant him bail pending review of his motion for relief from judgment. [Doc. 23].

The Petitioner seeks relief pursuant to a subsequent change in substantive law. Accordingly, the Court will treat his Rule 60(b) motion as a motion brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly."); United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.").

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, provides that a "prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second, or successive motion under § 2255. Specifically, the AEDPA provides, in pertinent part, as follows:

> A second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Petitioner has not provided any evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion. Therefore, this Court is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed.

Because the Court has denied the Petitioner's motion to reopen the case pursuant to Rule 60(b), the Petitioner's motion to amend must be denied as well. See Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) ("the district court may not grant [a] post-judgment motion [to amend] unless the judgment is vacated pursuant to Rule 59(e) or Fed.R.Civ.P. 60(b)").

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. §

2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's "Omnibus Motion" pursuant to Rules 60(b) and 15(c) and (d) of the Federal Rules of Civil Procedure [Doc. 22] is **DENIED**;

(2) Petitioner's "Omnibus Motion" pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 23(b) of the Federal Rules of Appellate Procedure [Doc. 23] is **DENIED**;

(3) Petitioner's "Motion to Amend/Supplement" pursuant to Rule 15(d) of the Federal Rules of Civil Procedure [Doc. 24] is **DENIED**; and

(4) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge